## Sessler Estate

*Gilbert P. High* and *William A. Gray*, for petitioners.

*Monroe H. Anders* and *Rodney T. Bonsall*, for respondents.

TAXIS, P. J., April 6, 1955.—This is a petition by the assignee, Leonard P. Levy, for a declaratory judgment seeking this court's determination of the validity of an assignment to him of a remainder interest in the estate of Charles Sessler, by Carolyn E. Lunn. The trustees, respondents, have filed an answer alleging that the petition fails to contain a question appropriate for determination by a declaratory judgment.

Charles Sessler died September 4, 1935, leaving a will in which residue was given to trustees (who presently are Tradesmens Land Title Bank and Trust Company and Mabel A. Zahn) to pay income to the widow, Caroline H. Sessler, for life, and after her death (which occurred on November 27, 1950) to pay income to testator's three children: namely, Charlotte J. Bleyden, Margaret S. Goldsmith, and J. Leonard Sessler, for life. Carolyn E. Lunn, assignor, is the daughter of Charlotte J. Bleyden.

Under the terms of the will of Charles Sessler, Carolyn E. Lunn is entitled to a one-third share of the principal of the residuary trust upon the death of her mother, Charlotte J. Bleyden. Paragraph 8 of the will provided as follows:

"I direct that the principal of my estate and the income therefrom, so long as the same are held by my Executors and Trustees, shall be free from the control, debts, liabilities, and engagements of legatees or anyone beneficially interested therein and shall not be subject to assignment by them, nor to execution nor process for the enforcement of judgments or claims of any sort against them. I further direct that all payments of income under any of the provisions of my will shall be made only as the same accrues and not by way of anticipation."

On April 28, 1954, Carolyn E. Lunn assigned to petitioner, Leonard P. Levy, her right, title, and in-

terest in the estate of Charles Sessler to the extent of $30,000.

On May 3, 1954, the corporate trustee was advised of the assignment by counsel for the assignor, the corporate trustee having, however, advised Mrs. Lunn "prior to April 28, 1954 and on December 31, 1953 . . . that they would take no specific action for or against the validity of any assignment she might make, but that in any accounting they would give notice of the audit to any assignee, would submit to the court the validity of any assignment, and would abide by the decision of the court thereon. Respondents have been advised by counsel . . . that paragraph eighth of the will of Charles Sessler, is a legal and effective provision . . ." Petitioner alleges in his petition "that your petitioner is advised that the condition in paragraph eighth of the will restricting the assignability of an interest in the principal of the residuary estate is void".

The assignee considered this statement by the trustees a refusal "to recognize the validity of the aforesaid bill of sale and assignment," and filed this petition for a declaratory judgment.

The petition must be dismissed. There is presently no actual controversy or dispute over the validity of the assignment and no indicated imminent litigation. Moreover, it is patently clear that the declaration sought will be of no practical help in the administration of the trust estate nor, at this time, in regard to distribution of principal to the persons legally entitled since the life tenant, Charlotte J. Bleyden, is still alive. In such circumstances, the assignee is in reality seeking from this court an advisory opinion as to whether he has or has not a valid assignment. Stated in another way, the assignee wants this court to say whether his "purchase" or "investment" is sound and valuable.

Such question must abide the event of an accounting and distribution of principal. The rendering of such an advisory opinion is not the proper subject of the judicial function: Middleton Trust, 4 Fid. Rep. 636 (1954).

In light of the disposition already indicated, it becomes unnecessary to dispose of the question of the validity of the spendthrift provision in paragraph 8 of the will. That matter must abide the event and be raised at audit when principal is to be distributed.

And now, April 6, 1955, the petition for declaratory judgment is dismissed.